Hearing Date:  May 23, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Opposition Deadline:  April 23, 2013
Reply Deadline:  May 7, 2013

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 Telephone
(212) 262-7402 Facsimile
Michael S. Etkin (ME 0570)
Ira M. Levee (IL 9958)
Andrew Behlmann (AB 1174)
    and
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 597-2500 Telephone
(973) 597-2313 Facsimile

*Bankruptcy Counsel for Cambridge Place*
  *Investment Management Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al*.,<br><br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>(Jointly Administered) |
| RESIDENTIAL CAPITAL, LLC; DITECH, LLC; DOA HOLDING PROPERTIES, LLC; DOA PROPERTIES IX (LOTS-OTHER), LLC; EPRE LLC; EQUITY INVESTMENTS I, LLC; ETS OF VIRGINIA, INC.; ETS OF WASHINGTON, INC.; EXECUTIVE TRUSTEE SERVICES LLC; GMAC – RFC HOLDING COMPANY, LLC; GMAC MODEL HOME FINANCE I, LLC; GMAC MORTGAGE USA CORPORATION; GMAC MORTGAGE, LLC; GMAC RESIDENTIAL HOLDING COMPANY, LLC; GMAC RH SETTLEMENT SERVICE, LLC; GMACM BORROWER LLC; GMACM REO LLC; GMACR MORTGAGE PRODUCTS, LLC; HFN REO SUB II, LLC; HOME CONNECTS LENDING SERVICES, LLC; HOMECOMINGS FINANCIAL REAL ESTATE HOLDINGS, LLC; HOMECOMINGS FINANCIAL, LLC; LADUE | Adv. Pro. No. 13-01262 (MG) |

ASSOCIATES, INC.; PASSIVE ASSET TRANSACTIONS, LLC; PATI A, LLC; PATI B, LLC; PATI REAL ESTATE HOLDINGS, LLC; RAHI A, LLC; RAHI B, LLC; RAHI REAL ESTATE HOLDINGS, LLC; RCSFJV2004, LLC; RESIDENTIAL ACCREDIT LOANS, INC.; RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC.; RESIDENTIAL ASSET SECURITIES CORPORATION; RESIDENTIAL CONSUMER SERVICES OF ALABAMA, LLC; RESIDENTIAL CONSUMER SERVICES OF OHIO, LLC; RESIDENTIAL CONSUMER SERVICES OF TEXAS, LLC; RESIDENTIAL CONSUMER SERVICES, LLC; RESIDENTIAL FUNDING COMPANY, LLC; RESIDENTIAL FUNDING MORTGAGE EXCHANGE, LLC; RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC.; RESIDENTIAL FUNDING MORTGAGE SECURITIES II, INC.; RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC; RESIDENTIAL MORTGAGE REAL ESTATE HOLDINGS, LLC; RFC – GSAP SERVICER ADVANCE, LLC; RFC ASSET HOLDINGS II, LLC; RFC ASSET MANAGEMENT, LLC; RFC BORROWER LLC; RFC CONSTRUCTION FUNDING, LLC; RFC REO LLC; and RFC SFJV- 2002, LLC,

      Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY; ALLSTATE LIFE INSURANCE CO.; ALLSTATE NEW JERSEY INSURANCE CO.; AIG ASSET MANAGEMENT (U.S.), LLC;

      Defendants.

## MOTION OF CAMBRIDGE PLACE INVESTMENT MANAGEMENT INC. FOR SUMMARY JUDGMENT

Cambridge Place Investment Management Inc. ("CPIM"), plaintiff in the civil actions styled as *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*, pending in the Superior Court of Massachusetts, Case Nos. 10-2741-BLS1 and 11-0555-BLS1

(collectively, the "CPIM Actions"), hereby submits this motion (the "Motion") for entry of an order (a) granting summary judgment[1] dismissing all counts in the complaint (the "Adversary Complaint") filed by the above-captioned debtors and debtors-in-possession (the "Debtors") in the above-captioned adversary proceeding (the "Adversary Proceeding") and (b) determining that Misrepresentation Claims (as defined below) against the Debtors are not subject to subordination under section 510 of the Bankruptcy Code.  In support of this Motion, CPIM respectfully submits as follows:

## BACKGROUND

**The CPIM Actions**

1.  CPIM filed the CPIM Actions in the Superior Court of Massachusetts, Suffolk County (the "Massachusetts Court"), on July 9, 2010 and February 11, 2011.[2]  The CPIM Actions named as defendants several entities not affiliated with the Debtors or Ally Financial Inc., their ultimate parent, and Debtors Residential Accredit Loans, Inc. ("RALI"), Residential Asset Mortgage Products, Inc. ("RAMP"), and Residential Asset Securities Corporation ("RASC").  The CPIM Actions assert causes of action arising under sections 410(a)(2) and 410(b) of the Massachusetts Uniform Securities Act (the "MUSA"), MASS. GEN. LAWS ch. 110A (2012).

2.  On September 28, 2012, the Massachusetts Court entered an order granting a motion to dismiss as to certain counts in the complaints in the CPIM Actions and denying the motion with respect to other counts.  The CPIM Actions are currently proceeding against the

---

[1] CPIM is not named as a defendant in the Adversary Proceeding.  However, as discussed below, the parties to the Adversary Proceeding have agreed to consolidate the Adversary Proceeding and the 3013 Motion (as defined below), in which CPIM joined, for purposes of the filing of this Motion.

[2] CPIM filed the two separate amended complaints in the CPIM Actions pursuant to a *Stipulation and Proposed Order* dated October 7, 2011.

non-Debtor defendants in the Massachusetts Court, subject to a stipulation and agreed order entered by this Court on February 13, 2013 [Adv. Pro. No. 12-01671, Docket No. 105].

3. CPIM filed proofs of claim against Debtors RASC [Claim No. 5305], RALI [Claim No. 5313], and RAMP [Claim No. 5331].

**The 3013 Motion**

4. On November 27, 2012, AIG Asset Management (U.S.), LLC and affiliated entities, Allstate Insurance Company and affiliated entities, Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America and affiliated entities (collectively, the "AIG Movants") filed the *Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts' Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing That Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b)* (the "3013 Motion") [Case No. 12-12020, Docket No. 2284].

5. By the 3013 Motion, the AIG Movants sought entry of an order determining, for purposes of any chapter 11 plan with respect to the Debtors, that (a) claims against the Debtors for violations of federal and state securities laws, common-law fraud, and other similar theories (collectively, "Misrepresentation Claims") arising out of the Debtors' misrepresentations and conduct in connection with the purchases by investors (such as CPIM) of residential mortgage-backed securities (the "Certificates") issued by certain trusts (the "Trusts") should be classified as general unsecured claims, together with any claims of the trustees of the Trusts (the "Trustees") against the Debtors for breaches of representations and warranties by the Debtors

-4-

("R&W Claims") and (b) Misrepresentation Claims are not subject to subordination under section 510 of the Bankruptcy Code. See 3013 Motion at 1–4.

6. On January 4, 2013, the National Credit Union Administration Board, in its capacity as liquidating agent for Western Corp. Federal Credit Union and U.S. Central Federal Credit Union ("NCUAB"), filed a joinder to the 3013 Motion [Docket No. 2555]. On February 19, 2013, CPIM filed a joinder to the 3013 Motion [Docket No. 2964].

**Opposition to the 3013 Motion**

7. On February 19, 2013, the Debtors filed a brief in opposition to the 3013 Motion (the "3013 Opposition") [Docket No. 2953]. In the 3013 Opposition, the Debtors assert that Misrepresentation Claims (a) are subordinated pursuant to section 510(b) of the Bankruptcy Code because the Certificates are securities of either the Debtors or their affiliates, (b) are contractually subordinated pursuant to section 510(a) of the Bankruptcy Code by an agreement among holders and/or subsequent purchasers of Certificates, (c) should be subordinated pursuant to section 510(c) of the Bankruptcy Code, and (d) are fundamentally different from R&W Claims and should not be similarly classified. See 3013 Opposition at 1–4.

8. Various other parties filed or joined in objections to the relief sought in the 3013 Motion: the Trustees [Docket No. 2967]; the Steering Committee Group of RMBS Holders [Docket No. 2954]; MBIA Insurance Corporation [Docket No. 2955]; the Ad Hoc Group of Junior Secured Noteholders [Docket No. 2957]; and Wilmington Trust, National Association, as indenture trustee for various series of the Debtors' senior unsecured notes [Docket No. 2959].

**The Adversary Proceeding**

9. Also on February 19, 2013, the Debtors commenced the Adversary Proceeding against the AIG Movants and NCUAB, requesting (a) a declaratory judgment that the

Misrepresentation Claims of the AIG Movants and NCUAB, to the extent allowed, are subordinated pursuant to section 510(b) of the Bankruptcy Code to all general unsecured claims against the Debtors' estates or, in the alternative, an order subordinating the Misrepresentation Claims pursuant to section 510(b) of the Bankruptcy Code; (b) a declaratory judgment that the Misrepresentation Claims, to the extent allowed, are subordinated pursuant to section 510(a) of the Bankruptcy Code to all general unsecured claims asserted against the Debtors' estates or, in the alternative, an order subordinating the Misrepresentation Claims pursuant to section 510(a) of the Bankruptcy Code; and (c) an order subordinating the Misrepresentation Claims to all general unsecured claims asserted against the Debtors' estates pursuant to section 510(c) of the Bankruptcy Code. See Adversary Complaint, ¶¶ 91–107.

**The Summary Judgment Motions**

10.     The Debtors and the AIG Movants have agreed to consolidate the 3013 Motion, the 3013 Opposition, and the Adversary Proceeding for purposes of decision, and to proceed on cross-motions for summary judgment.

11.     On April 2, 2013, the AIG Movants filed the *Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for Summary Judgment* (the "AIG Summary Judgment Motion") [Docket No. 27], seeking summary judgment dismissing all counts of the Adversary Complaint.

12.     Except to the extent inconsistent with the factual assertions set forth in this Motion, CPIM hereby incorporates by reference the factual assertions and legal argument set forth in the AIG Summary Judgment Motion as if fully set forth herein.

## ARGUMENT

13. CPIM hereby joins in and incorporates by reference the arguments and factual assertions set forth in the AIG Summary Judgment Motion as if fully set forth herein.

## RESERVATION OF RIGHTS

14. CPIM reserves all rights with respect to the Debtors' bankruptcy cases, CPIM's claims against the Debtors, and the CPIM Actions, including but not limited to the rights to oppose (a) any motion or adversary proceeding seeking expungement, disallowance, subordination, or other modification of any claims asserted against the Debtors by CPIM and (b) confirmation of any chapter 11 plan filed in these cases that proposes to disallow or subordinate such claims. CPIM further reserves the right to respond to any arguments raised in support of the Debtors' cross-motion for summary judgment or in opposition to this Motion, the AIG Summary Judgment Motion, or in support of or opposition to any other motion relating to the subject matter hereof.

[ *signature page follows* ]

**WHEREFORE,** CPIM respectfully requests that the Court (a) enter an order granting summary judgment dismissing all counts in the Debtors' adversary complaint and determining that Misrepresentation Claims are not subject to subordination pursuant to section 510 of the Bankruptcy Code and (b) grant CPIM such other relief as may be just and proper.

Dated: April 2, 2013
New York, New York

                                            Respectfully submitted,

                                            */s/ Michael S. Etkin*
                                            **LOWENSTEIN SANDLER LLP**
                                            Michael S. Etkin (ME 0570)
                                            John K. Sherwood (JS 2453)
                                            Andrew Behlmann (AB 1174)
                                            1251 Avenue of the Americas, 17th Floor
                                            New York, New York 10020
                                            (212) 262-6700 (Telephone)
                                            (212) 262-7402 (Facsimile)

                                                      and

                                            65 Livingston Avenue
                                            Roseland, New Jersey 07068
                                            (973) 597-2500 (Telephone)
                                            (973) 597-2481 (Facsimile)

                                            *Bankruptcy Counsel for Cambridge Place*
                                              *Investment Management Inc.*